Oakley, J.
It appears from the evidence in this case, that the wife of the plaintiff" was entrusted by him with certain moneys, and directed to deposit them in some bank. She accordingly opened an account in her own name with the defendants, and made deposits from time to time. She gave directions at the bank as to the manner in which the money standing to her credit was to be drawn out on her checks, and various checks were accordingly drawn by her for the whole amount. The defendants had no knowledge that she was a married woman until after they had paid all the checks and closed her account. The husband now attempts to recover, on the ground that the payment to the wife was unauthorized.
The Judge submitted the fact to the jury, whether the wife was authorized as the agent of her husband to do what she had done, or whether he had subsequently ratified her acts. The jury found a verdict for the defendants, and I think rightly.
The plaintiff" entrusted the wife with the money for the purpose of depositing it. He knew that she was in the habit of making deposits, and though he might not have known that she had opened an account in her own name, as he was unable to read the entries made in her bank book, it is fairly to be presumed that he must have known that she was also in the habit of drawing checks for the money deposited. She was entrusted *553 with the bank book, and the husband never made any inquiry as to the state of the account in the bank, and the jury were well justified in drawing the inference, that he must have known the true state of the case.
But if the jury were incorrect in finding the fact of an authority by the husband, on the evidence in the case, it is still clear that the plaintiff has no right to recover. If the wife abused the trust reposed in her by the husband, the defendants ought not to suffer by her fraudulent act, in depositing the money in her own name. By entrusting her with the money he enabled her to commit the fraud, and the loss, if he has sustained any, must fall upon him. In the absence of any circumstance to charge the bank with notice that she was a married woman, they had a right to open an account with her as a feme sole, and to pay the checks drawn upon the deposits made by herself.

Motion for a new trial denied.

[James Lynch, Att’y for the plff. W. A. Seely, Att’y for the defts.]